UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. SPENCER,

    Plaintiff,

v.                                                           Case No. 1:06-CV-807

COMMISSIONER OF SOCIAL                 HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

       The Court has before it the Commissioner's Objections to the Magistrate Judge's Report and Recommendation issued on December 26, 2007. In his report and recommendation, the magistrate judge concluded that the Court should reject Plaintiff's arguments that: (1) the Administrative Law Judge (ALJ) improperly omitted Plaintiff's concentration limitations from his hypothetical question to the vocational expert; and (2) that the ALJ failed to address the opinions expressed by a psychologist, Lynn McAndrews, Ph. D. However, regarding Plaintiff's last argument, that the ALJ performed an inadequate review of Plaintiff's alleged back pain, the magistrate judge recommended that the Court reverse and remand the Commissioner's decision pursuant to 42 U.S.C. § 405(g) for reevaluation of Plaintiff's claim that he suffers from disabling back pain.

       In reaching his conclusion for reversal and remand on the back pain issue, the magistrate judge noted that Plaintiff testified as follows regarding his back pain: (1) he hurt his back in 1982 and he could not work by 1993 due to the pain; (2) the pain radiates into his left leg, he has sought treatment with a chiropractor and takes Percocet for pain, and walks with a cane to go long distances; and (3) he has refused back surgery and has never been treated at a pain clinic. The magistrate judge

stated that while the ALJ focused on Plaintiff's lack of pain clinic treatment, surgical intervention, or injections or physical therapy, he failed to address objective evidence suggestive of intense pain, such as paravertebral muscle spasm that Michael J. Simpson, M.D. found during an examination of Plaintiff on June 7, 2003. The magistrate judge also noted that the ALJ failed to address the significance of the February 8, 2005, CT scan, which was not available to Dr. Simpson or the DDS physician who prepared the RFC assessment on August 6, 2003. Finally, the magistrate judge noted, the ALJ performed only a superficial review of Plaintiff's history of back treatment with his family doctor, Craig R. Weisse, M.D. In short, the magistrate judge concluded that the ALJ's incomplete review of the evidence pertaining to Plaintiff's alleged back pain precluded meaningful appellate review.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be rejected to the extent that it recommends reversal and remand for reevaluation of Plaintiff's claim of disabling back pain.

The Court agrees with the Commissioner that the ALJ properly weighed and evaluated the objective medical evidence, physician opinions, and other evidence in concluding that Plaintiff was not disabled by his alleged back impairment. First, the ALJ did consider and address the significance of the 2005 CT scan. He noted that it "showed mild circumferential bulging with no evidence of disc herniation, significant central canal or neural foramina stenosis." (A.R. at 24.) The ALJ noted the lack of evidence linking Plaintiff's symptoms to such conditions. He further observed that other evidence in the record, such as a lack of surgical intervention, injections, and physical therapy; Plaintiff's failure to seek pain clinic treatment, despite repeated recommendations that he do so; and Plaintiff's work history, were inconsistent with a finding of disabling pain. (A.R. at 24.)

2

While it is true that the ALJ did not specifically address the finding of paravertebral muscle spasm in Dr. Simpson's June 7, 2003, report, the ALJ did note that during that examination, Dr. Simpson observed that Plaintiff had a normal gait and had no trouble getting on and off the examining table, walking heel-to-heel, or squatting. He further noted that Dr. Simpson reported that Plaintiff had a range of motion within normal limits and could ambulate without use of the cane that he had with him. (A.R. at 21.)

The ALJ also considered the opinions of Dr. Weisse, Plaintiff's treating physician, and declined to give them any significant weight, finding that they were inconsistent with the evidence in the record. (A.R. at 22.) The ALJ found Dr. Weisse's opinion "vague and imprecise" and "inconsistent with the record as a whole." (A.R. at 23.) The ALJ further reasoned that Dr. Weisse offered no function by function analysis, and his conclusions were based primarily upon Plaintiff's subjective complaints, which were questionable given Plaintiff's work history and activities of daily living. (A.R. at 23.)

In sum, the Court concludes that the ALJ properly considered and weighed the objective evidence in the record, along with physician opinions and other evidence. Based upon its review of the record, the Court concludes that the ALJ's conclusion that Plaintiff is not significantly limited by his back impairment is supported by substantial evidence. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 26, 2007 (docket no. 10), is **REJECTED**, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.


Dated: February 29, 2008          /s/ Gordon J. Quist
                                 GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE